UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

REBECCA GEFFNER, as Executrix of the
ESTATE OF ALFRED GEFFNER, deceased,        08-cv-1538 (ARR) (LB)

                  Plaintiff,

                                                          NOT FOR PRINT
   -against-                                           OR ELECTRONIC
                                                           PUBLICATION

KATHLEEN SEBELIUS, Secretary of the United
States Department of Health and Human Services    OPINION AND ORDER

                  Defendant.

------------------------------------------------------------------X

ROSS, United States District Judge:

       Plaintiff, executrix of the Estate of Alfred Geffner ("beneficiary"), filed a complaint in the instant action on April 14, 2008, challenging the Secretary's final decision to deny Medicare payment for the hospitalization of Alfred Geffner, deceased, at St. Francis Hospital, from November 21, 2003 to December 20, 2003, and at Mercy Hospital, from March 25, 2004 to August 28, 2004. Defendant subsequently moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). On February 23, 2010 I denied defendant's motion, but found that the Appeals Council had not erred in finding that plaintiff was not entitled to additional benefit days or lifetime reserve days, and that plaintiff was not entitled to relief for the period in question based on a failure to provide notice of remaining benefit days. However, I remanded the matter to the Secretary for further proceedings on the limited issue of the relevance of 42 C.F.R. § 409.68.[1]

---

[1] I also found an improper revocation of representation during plaintiff's August 8, 2005 hearing. (Feb. 23, 2010 Opinion and Order at 18.)

1

Plaintiff now moves for reconsideration under Local Rule 6.3, and Federal Rules of Civil Procedure 52(b), 59(e), and 60(b).[2] For the reasons set forth below, plaintiff's motion is denied.

## DISCUSSION

A. *Standard of Review*

Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." To be entitled to reargument and reconsideration, "the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." See Dellefave v. Access Temporaries, Inc., 2001 WL 286771, at *1 (S.D.N.Y. 2001) (citing Ameritrust Co. Nat'l Ass'n v. Dew, 151 F.R.D. 237, 238 (S.D.N.Y. 1993); East Coast Novelty Co. v. City of New York, 141 F.R.D. 245, 245 (S.D.N.Y. 1992)). The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," Goldberg v. UBS AG, 690 F.Supp .2d 92, 96 (E.D.N.Y. 2010); T.Z. v. City of New York, 634 F.Supp.2d 263, 268 (E.D.N.Y. 2009), and the Court must not allow a party to use the motion as a substitute for appealing from a final judgment. Dellefave, 2001 WL 286771, at *1 (citations omitted). The decision to grant or deny the motion is within the sound discretion of the district court. See Schaffer v. Soros, 1994 WL 592891, at *1 (S.D.N.Y. Oct. 31, 1994). The standards governing Rule 59(e) and Local Rule 6.3 are the same. See Yurman Designs, Inc. v. A.R. Morris Jewelers, 60 F.Supp.2d 241, 243-244 (S.D.N.Y. 1999); see also Dellefave, 2001 WL 286771, at *2 (citing Candelaria v. Coughlin, 155 F.R.D. 486, 491 (S.D.N.Y. 1994)).

---

[2] Plaintiff filed a Notice of Appeal in the instant action on April 23, 2010. (Dkt No. 53.) On May 7, 2010, notice was sent to the Court of Appeals regarding plaintiff's motion for reconsideration, requesting a stay of the appeal until the instant motion was decided. (Dkt. No. 56.) On June 10, 2010, plaintiff separately filed a motion in the Court of Appeals to hold her appeal in abeyance pending a decision in the instant motion. (10-cv-1577 (2d Cir. 2010), Dkt. No. 14.)

Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F .2d 58, 61 (2d Cir. 1986); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994). Like a motion under Rule 59(e), a Rule 60(b) motion is not a substitute for an appeal. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 & n. 7 (1978). "Mere dissatisfaction in hindsight with choices deliberately made . . . is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." Nemaizer, 793 F.2d at 62.[3]

### B. *Plaintiff Has Not Met the Requirements of a Motion for Reconsideration*

Here, plaintiff's request for reconsideration fails to establish that the Court overlooked a controlling factual matter or legal authority. Rather, plaintiff primarily seeks to relitigate the claims addressed in the February 23, 2010 Opinion and Order.

First, plaintiff argues that the February 23, 2010 Opinion and Order and the Secretary's underlying decision erred in finding plaintiff "liable." (Pl.'s Mem. at 6-7.) However, plaintiff has not pointed to any authority that the Court did not consider that shows that the hospital must waive payment for non-covered days or reimburse Medicare based on either substandard care or failure to provide notice of remaining benefit days.[4] The issue before the Court was not the choice between finding either the hospital "liable" for the payment of non-covered days or the

---

[3] Plaintiff also moves to amend the "findings" of the Court under Fed. R. Civ. P. 52(b). While it is questionable whether Rule 52(b) applies to judgment on the pleadings, see, e.g., Patel v. Lutheran Medical Center, Inc., 775 F. Supp. 592, 596 (E.D.N.Y. 1991) ("Some courts have ruled that Rules 52(b) and 59(e) are not the appropriate mechanism for seeking reconsideration of a determination of a motion for summary judgment."), "[t]he standards governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to Local Rule 6.3 are the same." Wechsler v. Hunt Health Systems, Ltd., 2004 WL 2210261, at *2 (S.D.N.Y. 2004) (citations omitted).

[4] Equally unavailing is plaintiff's claim that hospital conceded "liability" due to failure to dispute the allegations in the underlying agency proceedings. (Pl.'s Mem. at 6-7.) The hospitals were not a party to the underlying administrative action.

plaintiff "liable" for such payment, rather, it was whether plaintiff was entitled to Medicare coverage for the time period at issue. For reasons stated in the February 23, 2010 Opinion and Order, plaintiff was not entitled to additional benefit days or lifetime reserve days for the applicable time period. (Feb. 23, 2010 Opinion & Order at 9.)

Second, plaintiff argues that the Court erred in dismissing the Affidavit of medical expert Charles Phillips, M.D. (Pl.'s Mem. at 10.) However, while plaintiff claims the purpose of the affidavit was not to address the quality of care, but rather to provide evidence that the hospitals remain liable for the non-covered days, plaintiff fails to provide any controlling authority that is on point and directly supports this contention. This evidence may be relevant to a separate action for negligence or medical malpractice, but plaintiff has not shown that the evidence leads to a finding of hospital "liability" under the Medicare scheme.

Finally, plaintiff argues that the failure of the hospital to provide notice of remaining benefit days warrants a "remedy" of either additional benefit days or waiver of payment, and argues that failure to provide a remedy renders the notice requirement a "rule without a remedy." As discussed in the February 23, 2010 Opinion and Order, a notice requirement is not found in applicable statutes or regulations, rather, it is found in the Medicare Benefit Policy Manual, which does not specifically outline a remedy for failure of a hospital to provide notice. Accordingly, plaintiff's "rule without a remedy" argument is inapposite.

Because plaintiff has not met the "strict" requirements for a motion for reconsideration, and primarily sought to relitigate the claims addressed in the February 23, 2010 Opinion and Order, plaintiff's motion pursuant to Local Rule 6.3, and Federal Rules of Civil Procedure 52(b), 59(e), and 60(b) is denied.

## CONCLUSION

Accordingly, plaintiff's motion for reconsideration under Local Rule 6.3, and Federal Rules of Civil Procedure 52(b), 59(e), and 60(b) is denied.

SO ORDERED.

                                        Allyne R. Ross
                                        United States District Judge

Dated: August 3, 2010
       Brooklyn, New York

Service List:

<u>Plaintiff (pro se)</u>
Rebecca Geffner
46-21 247th Street
Little Neck, NY 11362


<u>Defendant</u>
Seth D. Eichenholtz
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201


cc: Magistrate Judge Bloom